FILED
CLERK

6/15/2016 5:16 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
LACHANCE DEON BRYANT,

                        Plaintiff,                  **ORDER**

     -against-                             15-CV-5564 (SJF) (GRB)

ADA ALI AJANU, Nassau County District
Attorney Office, DET. THOMAS ROURKE,
Shield #63, Long Beach Police Dep't,

                        Defendants.
----------------------------------------------------------------X
FEUERSTEIN, District Judge:

       Plaintiff *pro se* Lachance Deon Bryant ("plaintiff") commenced this action pursuant to 42 U.S.C. § 1983 against defendants ADA Ali Ajanu, Nassau County District Attorney Office ("ADA Ajanu") and Det. Thomas Rourke, Shield #63, Long Beach Police Dept. ("Det. Rourke") on September 16, 2015. *See* Complaint ("Compl."), Docket Entry ("DE") [1]. Presently before the Court are motions to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by ADA Ajanu, *see* Motion, DE [24], and Det. Rourke. *See* Motion, Docket Entry ("DE") [28]. Plaintiff has not opposed either motion. For the reasons set forth herein, ADA Ajanu's motion is granted, and Det. Rourke's motion is denied without prejudice.

## I. BACKGROUND

       Plaintiff's complaint, submitted on the Court's Section 1983 complaint form, states in its entirety that:

> On April 12th 2015 I was arrested at 17 Delaware Ave Hempstead N.Y. 11550 by Det. Thomas Rourke Shield #63 for attempted murder. I was present before a Nassau County Grand jury on June 10th 2015. Such charges has been proven false, & my arrest has also been proven false. On

1

> June 13th I was highly publicized in the media by the Long Beach Herald
> & had my character slandered as a result of the false arrest.

Complaint ("Compl."), IV., DE [1]. He claims "pain and suffering mental anguish def[a]mation of character due to the high media attention I received from the false arrest by Thomas Rourke shield #63," *id.* IV.A, and seeks "10 million dollars in damages." *Id.* V. He lists defendant no. 1 as "Nassau County District Attorney Officer ADA Ali Ajanu" and defendant no 2. As "Det. Thomas Rourke, shield #63, Long Beach Police Dept." *Id.* III.B.

On February 29, 2016, ADA Ajanu served a motion to dismiss on plaintiff. *See* DE [20]. Det. Rourke served his motion to dismiss on March 15, 2016. *See* DE [23]. Plaintiff did not serve opposition to either motion, and both motions were submitted as unopposed. Plaintiff has not sought an extension of time to respond and has not contacted the Court in any manner.

## II. LEGAL STANDARDS

### A. Motion to Dismiss

Defendants move to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. To survive a motion to dismiss pursuant to Rule 12, a complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). But, a pleading "that offers only 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement." *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1966)

Thus, while detailed factual allegations are unnecessary, a complaint must contain more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly,* 550 U.S. at 555, 127 S. Ct. at 1964 (internal citations omitted)).

In reviewing a motion to dismiss, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010), (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)), *aff'd,* --- U.S. ----, 133 S. Ct. 1659, 185 L. Ed. 2d 671 (2013). Where the complaint is filed by a *pro se* litigant, the court must "interpret the complaint liberally to raise the strongest claims that the allegations suggest." *Rosen v. N. Shore Tower Apartments, Inc.,* No. 11-CV-00752, 2011 WL 2550733, at *2 (E.D.N.Y. June 27, 2011) (citing *Cruz v. Gomez,* 202 F.3d 593, 597 (2d Cir. 2000)). "Even in a *pro se* case, however . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Chavis v. Chappius,* 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation and citation omitted). Construing plaintiff's complaint broadly, he is asserting claims of false arrest and malicious prosecution, as well as a state law claim for defamation.

When a movant presents matters outside the pleadings in support of a motion pursuant to Rule 12(b)(6), the court must either exclude such matter or treat the motion "as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). In this District, where a represented party moving to dismiss against a *pro se* party refers to matters outside the pleadings, Local Civil Rule 12.1 requires service of a specific notice upon the *pro se* party alerting him "to the potentially serious consequences of a motion to dismiss based upon evidence outside the pleadings, and to the requirements for controverting such evidence." Local Civil R. 12.1, Committee Note.

B.     **Section 1983**

Section 1983 of Title 42 of the United States Code provides, in relevant part as follows:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State . . . subjects, or causes to
> be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution
> and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Thus, to state a Section 1983 claim, a plaintiff must allege: (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (citation omitted).

Section 1983 does not create any independent substantive rights, rather, the statute provides a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999). "Despite the broad terms of § 1983, this Court has long recognized that the statute was not meant to effect a radical departure from ordinary tort law and the common-law immunities applicable in tort suits." *Rehberg v. Paulk*, --- U.S. ----, 132 S. Ct. 1497, 1502, 182 L. Ed. 2d 593 (2012); *see also Filarsky v. Delia*, --- U.S. ----, 132 S. Ct. 1657, 1665, 182 L. Ed. 2d 662 (2012) ("[Courts] read § 1983 in harmony with general principles of tort immunities and defenses." (quotations and citation omitted)). The Supreme Court has identified several governmental functions that are "absolutely immune from liability for damages under § 1983," including, *inter alia,* "actions taken by prosecutors in their role as advocates." *Rehberg*, 132 S. Ct. at 1503 (citations omitted).

4

Moreover, in an action brought pursuant to Section 1983, a plaintiff must allege that the defendant was personally involved in the purported constitutional deprivation. *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (citing *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006)). Where a Section 1983 claim fails to allege the personal involvement of each defendant, it fails as a matter of law. *See Johnson v. Barney*, 360 F. App'x 199, 201 (2d Cir. 2010).

## III. DISCUSSION

### A. ADA Ajanu's Motion to Dismiss

Apart from the caption and designation as "Defendant No. 1," ADA Ajanu is not mentioned in the body of the complaint and there are no factual allegations regarding him. It is clear, however, that Ajanu is sued in his capacity as an ADA. Plaintiff's claim seeking damages against ADA Ajanu is dismissed with prejudice based upon the doctrine of absolute prosecutorial immunity. The Second Circuit instructs that:

> Absolute immunity affords 'complete protection from suit,' *Harlow v. Fitzgerald*, 457 U.S. 800, 807, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982), because it gives 'public officials entrusted with sensitive tasks a protected area of discretion within which to carry out their responsibilities,' *Barr v. Abrams*, 810 F.2d 358, 361 (2d Cir. 1987), so that they will not feel 'constrained in making every decision by the consequences in terms of [their] own potential liability in a suit for damages,' *Imbler v. Pachtman*, 424 U.S. 409, 424-25, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976). The doctrine's nature 'is such that it "accords protection from . . . any judicial scrutiny of the motive for and reasonableness of official action,' *Shmueli v. City of New York*, 424 F.3d 231, 237 (2d Cir. 2005) (quoting *Robison v. Via,* 821 F.2d 913, 918 (2d Cir. 1987)), even where the challenged conduct was motivated by a wrongful motive or even malice, *Bernard v. County of Suffolk*, 356 F.3d 495, 503 (2d Cir. 2004) (citing *Cleavinger v. Saxner*, 474 U.S. 193, 199-200, 106 S. Ct. 496, 88 L. Ed. 2d 507 (1985)).

*In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95-96 (2d Cir. 2007) (alteration in original).

5

Under federal law, prosecutors enjoy absolute immunity from liability in suits seeking monetary damages for acts carried out in their capacity as prosecutors. *See Imbler*, 424 U.S. at 430, 96 S. Ct. 984, 47 L. Ed. 2d 128; *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013). Absolute prosecutorial immunity applies, *inter alia*, when a prosecutor prepares to initiate and pursues a prosecution, *see*, *e.g.*, *Peay v. Ajello*, 470 F.3d 65, 68 (2d Cir. 2006), or performs administrative duties directly connected with the conduct of a trial. *Van de Kamp v. Goldstein*, 555 U.S. 335, 344, 129 S. Ct. 855, 172 L. Ed. 2d 706 (2009). Once absolute immunity attaches, it "attaches to [the prosecutor's] function, not the manner in which he performed it. . . . Accordingly, a prosecutor's motivation, and whether preferable alternatives to the actions taken were available, are irrelevant." *Parkinson v. Cozzolino*, 238 F.3d 145, 150 (2d Cir. 2001) (internal quotations and citations omitted) (alteration in original); *see also Shmueli*, 424 F.3d at 237 (holding that once the court determines that the challenged prosecution was not clearly beyond the prosecutor's jurisdiction, the prosecutor is shielded from liability for damages for commencing and pursuing the prosecution, regardless of any allegations that his actions were undertaken with an improper state of mind or improper motive).

Since plaintiff does not allege that the underlying state court prosecution was undertaken in the complete absence of all jurisdiction, plaintiff's claim against ADA Ajanu, based upon conduct involving, or relating to, the initiation and prosecution of a criminal action against plaintiff, is barred by absolute immunity. Accordingly, the complaint is dismissed in its entirety with prejudice as against ADA Ajanu.

**B. Det. Rourke's Motion to Dismiss**

In support of his motion, Det. Rourke has submitted a warrant for plaintiff to be "retaken and placed in detention," DE [28-1], and relies upon this document to establish probable cause for plaintiff's arrest. Although Det. Rourke refers to matters outside the pleadings, it does not appear that he has served the appropriate notice upon plaintiff and thus has failed to comply with Local Civil Rule 12.1. Accordingly, Det. Rourke's motion to dismiss is denied without prejudice to renewal upon compliance with the notice requirement.

**IV. CONCLUSION**

For the reasons set forth above, the Court grants defendant ADA Ajanu's motion to dismiss, DE [24], with prejudice. The Clerk of the Court shall terminate ADA Ajanu as a party defendant. Defendant Det. Rourke's motion to dismiss, DE [28], is denied without prejudice to renewal.

The conference scheduled for June 21, 2016 is adjourned to **September 20, 2016 at 11:15 a.m.** in courtroom 1010 of the Central Islip courthouse.

SO ORDERED

/s/
SANDRA J. FEUERSTEIN
United States District Judge

Dated: Central Islip, New York
June 15, 2016